UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NORMA M. ROSALES,

         Plaintiff,

                   **OPINION & ORDER**
   -against-             10-CV-2431 (SJF)(AKT)

UNITED STATES POSTAL SERVICES,
DIMAS DELGADO, "MRS. DELGADO",

         Defendants.
----------------------------------------------------------------X
FEUERSTEIN, District Judge:

I.  Introduction

On May 27, 2010, *pro se* plaintiff Norma M. Rosales ("plaintiff") filed a complaint against defendants, United States Postal Services ("USPS"), Dimas Delgado, and "Mrs. Delgado" (collectively, "defendants")[1] alleging, *inter alia*, that defendants lost and/or stole her mail. The complaint was accompanied by an application to proceed *in forma pauperis*.[2] Upon review of the declaration accompanying plaintiff's application, I find that her financial status qualifies her to commence this action without prepayment of the filing fees. See 28 U.S.C. §

---

[1] Although the caption of the complaint names only the USPS as a defendant, plaintiff lists two (2) residential addresses as the addresses at which legal process should be served, which the Court presumes are the addresses of Dimas Delgado and "Mrs. Delgado", both of whom are named in the body of the Complaint.

[2] This is plaintiff's second *in forma pauperis* action against the USPS alleging that it lost her mail. Plaintiff's earlier action, Rosales v. United States Postal Services, 10-CV-1052 (SJF)(AKT), filed on March 8, 2010, alleged that defendant lost and/or mis-delivered her mail. The original complaint in that action was dismissed without prejudice by order dated April 21, 2010 and the amended complaint was dismissed with prejudice for lack of subject matter jurisdiction by order dated May 10, 2010. Judgment was entered in favor of defendant in that action on May 13, 2010.

1915(a). Accordingly, plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the complaint is *sua sponte* dismissed with prejudice for lack of subject matter jurisdiction.

II.    Background

Plaintiff alleges that a check payable to her from the IRS was stolen and never received by her. (Complaint [Compl.], ¶ III.C). According to plaintiff, she complained to Mr. Delgado about the lost and/or stolen mail, but she never heard the results of any investigation. (Id.) Plaintiff further complains that "the government" never remedied her mail problems. (Compl., ¶ IV). Plaintiff seeks damages in the sum of forty million dollars ($40,000,000.00).[3] (Compl. ¶ V).

III.    Discussion

A.    Application of The Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act ("PLRA"), codified at 28 U.S.C. § 1915, requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

It is axiomatic that district courts are required to read *pro se* complaints liberally, see

---

[3] The last three (3) zeroes appear to have been crossed out, so plaintiff may be seeking damages in the amount of only forty thousand dollars ($40,000.00). However, plaintiff sought thirty-nine million dollars ($39,000,000.00) from the USPS in her earlier complaint under docket no. 10-CV-1052 (SJF)(AKT).

2

Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1087 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 795 (2d Cir. 1999)), and construe them "'to raise the strongest arguments that they suggest.'" Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009) (quoting Green v. U.S., 260 F.3d 78, 83 (2d Cir. 2001)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of the allegations in the complaint. See Hughes v. Rowe, 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006).

B.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, see Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005); Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic, 582 F.3d 393, 397 (2d Cir. 2009), and may not preside over cases absent subject matter jurisdiction. See Exxon Mobil, 545 U.S. at 552, 125 S.Ct. 2611 (holding that federal courts may not exercise jurisdiction absent a statutory basis); County of Nassau, N.Y. v. Hotels.com, LP, 577 F.3d 89, 91 (2d Cir. 2009) (holding that federal courts lack power to disregard the limits on their jurisdiction imposed by the Constitution or Congress). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193 (2d Cir. 2003); Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000); see also Union Pacific R. Co. v. Brotherhood of Locomotive Engineers and Trainmen General Committee of Adjustment, Cent. Region, 130 S.Ct. 584, 596 (2009) ("[s]ubject-matter

jurisdiction, * * * refers to a tribunal's power to hear a case, a matter that can never be forfeited or waived." (internal quotations and citations omitted)). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62-3 (2d Cir. 2009).

In her complaint, plaintiff alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331.[4] (Compl., ¶ II). "A plaintiff properly invokes § 1331 [federal question] jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513, 126 S. Ct. 1235. A claim alleging federal question jurisdiction "may be dismissed for want of subject matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n. 10, 126 S.Ct. 1235 (quoting Bell v. Hood, 327 U.S. 678, 682-3, 66 S.Ct. 773, 90 L.Ed. 939 (1946)).

1. Sovereign Immunity

"It is, of course, 'axiomatic' under the principle of sovereign immunity 'that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004) (quoting United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)); see also U.S. v. Navajo Nation, 129 S.Ct. 1547, 1551, 173 L.Ed.2d 429 (2009) (holding that the federal government

---

[4] There is no basis to assert diversity jurisdiction pursuant to 28 U.S.C. § 1332, since, *inter alia*, plaintiff and the individual defendants are all alleged to be citizens of New York.

4

cannot be sued without its consent); Peker v. Steglich, 324 Fed. Appx. 38, 39 (2d Cir. Apr. 27, 2009). Sovereign immunity is a jurisdictional bar, see Lunney v. U.S., 319 F.3d 550, 554 (2d Cir. 2003, which, absent a waiver, shields the federal government, its agencies and its officers acting in their official capacity from suits seeking monetary damages. Department of Army v. Blue Fox, Inc., 525 U.S. 255, 260, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999) (quoting F.D.I.C. v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)); see County of Suffolk, N.Y. v. Sebelius, 605 F.3d 135, 140 (2d Cir. 2010) (holding that absent an "unequivocally expressed" statutory waiver, the United States, its agencies and its officers acting in their official capacity are immune from suit based on the principle of sovereign immunity).

Pursuant to the Postal Reorganization Act ("PRA"), 39 U.S.C. § 101, *et seq.*, the USPS is "an independent establishment of the executive branch of the Government of the United States," 39 U.S.C. § 201, with the power "to sue and be sued in its official name." 29 U.S.C. § 401(1). Thus, the PRA "generally waives the immunity of the [USPS] from suit." Dolan v. United States Postal Service, 546 U.S. 481, 484, 126 S.Ct. 1252, 163 L.Ed.2d 1079 (2006). Nonetheless, the PRA specifically provides that the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2674, "shall apply to tort claims arising out of activities of the [USPS]." 39 U.S.C. § 409(c); see Dolan, 546 U.S. at 484, 126 S.Ct. 1252.

2. The FTCA

The FTCA contains an express waiver of the United States' sovereign immunity for claims arising out of certain torts committed by federal employees, see Ali v. Federal Bureau of Prisons, 552 U.S. 214, 128 S.Ct. 831, 835, 169 L.Ed.2d 680 (2008), including employees of the

USPS acting within the scope of their employment. See Mathiranpuzha v. Potter, 548 F.3d 70, 80 (2d Cir. 2008). Specifically, the FTCA authorizes "claims against the United States, for money damages * * * for * * * personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b)(1).

However, the FTCA contains various exceptions to its waiver of sovereign immunity, which are set forth in 28 U.S.C. §§ 2680(a)-(n). See Ali, 552 U.S. 214, 128 S.Ct. at 835. Thus, while the statutory scheme initially waives sovereign immunity under circumstances outlined in 28 U.S.C. § 1346, it essentially reinstates sovereign immunity where, *inter alia*, the exceptions outlined in 28 U.S.C. § 2680 (a) through (n) apply. See Dolan, 546 U.S. at 485, 126 S.Ct. 1252 (holding that if one of the FTCA's exceptions applies, the bar of sovereign immunity remains). Federal courts do not have subject matter jurisdiction over claims falling within one of the exceptions to the FTCA's waiver of sovereign immunity. See Fazi v. United States, 935 F.2d 535, 537 (2d Cir. 1991).

As is relevant here, the FTCA specifically exempts from its waiver of sovereign immunity "claim[s] arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); see Dolan, 546 U.S. at 485, 126 S.Ct. 1252; Gildor v. United States Postal Service, 179 Fed. Appx. 756, 2006 WL 1228691, at *2 (2d Cir. May 3, 2006). Pursuant to this "postal matter exception," the USPS retains sovereign immunity "for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." Dolan, 546 U.S. at 489, 126 S.Ct. 1252.

Since plaintiff's claims in this action clearly "arise out of the loss, miscarriage, or negligent transmission of letters or postal matter," 28 U.S.C. § 2680(b), this Court lacks subject matter jurisdiction over this action. See, e.g. Gildor, 179 Fed. Appx. at * 2 (affirming dismissal of tort claims arising out of the mis-delivery of the plaintiff's package for lack of subject matter jurisdiction); C.D. of NYC, Inc. v. United States Postal Service, 157 Fed. Appx. 428, 429-30 (2d Cir. Dec. 8, 2005) (affirming dismissal of tort claims arising out of the theft of the plaintiff's packages by USPS employees for lack of subject matter jurisdiction); McCullough v. United States, 110 Fed. Appx. 158, 159 (2d Cir. Sept. 10, 2004) (holding that the "postal matter exception" to the FTCA was broad enough to encompass the plaintiff's claim that the mis-delivery of his mail resulted in an invasion of his privacy). Accordingly, plaintiff's complaint is dismissed in its entirety.

C. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 419 (2d Cir. 2002) (citing Branum v. Clark, 927 F.2d 698, 705 (2d Cir.1991)). Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191

7

(2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182. However, if amendment would be futile, i.e., if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied. See Lucente v. International Business Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Since this Court lacks subject matter jurisdiction over plaintiff's claims, any amendment to the complaint would be futile. Accordingly, plaintiff's complaint is dismissed with prejudice.

### D. The All Writs Act

As noted above, plaintiff commenced this second action against the USPS based upon the loss of her mail less than three (3) weeks after her previous action, also based upon the loss and/or mis-delivery of her mail, was dismissed for lack of subject matter jurisdiction. Under the All-Writs Act, a federal district court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All-Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits," MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999); see also Safir v. U.S. Lines, Inc., 792 F.2d 19, 23-4 (2d Cir. 1986), including circumstances in which a litigant engages in the filing of repetitive and frivolous lawsuits. See, e.g. Malley v. New York City Board of Educ., 112 F.3d 69 (2d Cir. 1997) (per curiam) (affirming the imposition of a filing injunction after the plaintiff filed numerous complaints based upon the same events which were repetitively dismissed); In re Martin-Trigona, 9 F.3d 226, 227-28 (2d

Cir. 1993). Such an injunction may not be imposed, however, unless the Court provides the party to be enjoined with notice and an opportunity to be heard. See Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam); MLE Realty, 192 F.3d at 261.

Plaintiff is hereby advised that her repeated filing of *in forma pauperis* complaints against the USPS relating to the failure to deliver her mail is deemed to be an abuse of the judicial process. The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal citations, alterations and punctuation omitted). Accordingly, plaintiff is warned that any future frivolous filings based upon the same or similar issues will not be tolerated and may result in sanctions being imposed against her, including an injunction against future Court filings without first seeking leave of Court. In the event such a filing injunction is imposed, the Clerk of the Court will be directed to return to plaintiff, without filing, any Court filing received without a clear application seeking leave to file and, in the event any such action is commenced without leave of Court, the Court will *sua sponte* dismiss such action with prejudice.

III. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed with prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v.

9

United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to enter judgment in favor of defendants, to close this case and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* plaintiff at her last known address, see Fed. R. Civ. P. 5(b)(2)(C).

**SO ORDERED.**

/s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: June 22, 2010
       Central Islip, New York